UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GLEN MCNELLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-01511-AGF |
| | ) | |
| MONSANTO COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM & ORDER**

This matter is before the Court on Plaintiff Glen McNelly's motion to dismiss without prejudice. ECF No. 23. Defendant Monsanto Company opposed the motion. ECF No. 25. Plaintiff filed a reply. ECF No. 27.

On November 20, 2017, the Court held a hearing on Plaintiff's motion in lieu of a Rule 16 Conference. Plaintiff argued that he sought voluntary dismissal without prejudice in order to re-file the action in state court. Counsel contended such dismissal was proper because the case was in the early stages of litigation and Defendant would not be prejudiced by such a dismissal. Plaintiff acknowledged that he wished to refile in state court to avoid possible transfer to a multi-district litigation (MDL) proceeding in California. Defendant argued that dismissal without prejudice was improper because dismissal following the filing of an answer to obtain a more favorable forum is not a proper basis for dismissal without prejudice. The Court agrees for the reasons set forth on the record and more fully in this order.

The decision of whether to grant a voluntary dismissal without prejudice is within

the sound discretion of the district court. *Metropolitan Fed. Bank of Iowa v. W.R. Grace & Co.*, 999 F.2d 1257, 1262 (8th Cir. 1993). "In reviewing a request for voluntary dismissal, a court should consider factors such as whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendant." *Thatcher v. Hanover Ins. Grp., Inc.*, 659 F.3d 1212, 1213–14 (8th Cir. 2011). "Likewise, a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum." *Id.*; *Cahalan v. Rohan*, 423 F.3d 815, 818 (8th Cir. 2005).

Plaintiff is correct that this case is at a relatively early stage of litigation. The matter was filed on May 15, 2017, Defendant filed its answer on July 5, 2017, and the parties were scheduled to participate in a Rule 16 Conference.[1] Generally, the early dismissal of a case would not result in prejudice to Defendant. However, the Eighth Circuit has made it clear that it is inappropriate for a plaintiff to use voluntary dismissal as an avenue for seeking a more favorable forum. *Thatcher*, 659 F.3d at 1214.

Here, Plaintiff admits in his reply and at oral argument that the sole reason for the dismissal is to avoid federal court and the possibility of the case being transferred to an MDL. ECF No. 27. This is improper, particularly in light of the fact that Plaintiff filed his lawsuit in this forum. Moreover, Defendant has not filed a motion to transfer the case to an MDL, and counsel for Defendant stated at the hearing that it may not do so. If Defendant does file a motion to transfer the matter to an MDL, Plaintiff will have the

---

[1] Plaintiff filed his Complaint in this Court, and the case was reassigned to the undersigned on August 16, 2017. ECF No. 11.

opportunity to object to the transfer and explain why his case is distinguishable from the other Round-up cases pending before the MDL.

Forum shopping may be appropriate in the narrow instance where Plaintiff desires to voluntarily dismiss an action so that related actions may be heard in a single forum. *See Self v. Equinox Holdings, Inc.*, No. CV1404241MMMAJWX, 2015 WL 13298146, at *8 (C.D. Cal. Jan. 5, 2015). However, this is not why Plaintiff is seeking voluntary dismissal. Instead, Plaintiff hopes to avoid the possibility of consolidation of his case with other Round-up cases across the country. Therefore, the Court will allow Plaintiff to withdraw his motion to dismiss without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that, on or before **December 1, 2017**, Plaintiff must either withdraw his motion to dismiss without prejudice or move to dismiss the case with prejudice. Failure to so file will result in the dismissal of this action with prejudice.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 21st day of November, 2017.